# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| Plaintiff, | ) | Case No. 7:19CV00304 |
| v. | ) | **OPINION** |
| **WARDEN B. L. KANODE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, Jordan Joseph Kinard, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Because Kinard has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claim and has not prepaid the $400.00 filing costs for the action, I find it appropriate to summarily dismiss the case without prejudice.

Kinard alleges that on April 5, 2019, prison officials transferred him to River North Correctional Center, where he cannot wear his kufi freely around the prison or engage in group prayer during recreation periods. Kinard contends that these River North policies substantially burden his right to free exercise of his Sunni Muslim religious beliefs and seeks a transfer.

Under 28 U.S.C. § 1915, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Court records available on line indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. Aug. 6, 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. April 11, 2007). All three of these cases were dismissed under 28 U.S.C. § 1915A(b)(1), which authorizes summary dismissal of prison conditions cases as frivolous, malicious, or for failure to state a claim. In addition, prior actions have been dismissed under § 1915(g) for three prior strikes. *Kinard v. Collins*, No. 7:16CV00353, 2016 WL 4059188 (W.D. Va. July 29, 2016); *Kinard v. Dulaney,* 7:15CV00254, 2015 WL 3752500 (W.D. Va. June 16, 2015), *appeal dismissed,* No. 15-7278 (4th Cir. Nov. 4, 2014) (unpublished); *Kinard v. Va. Dep't of Corrs.,* No. 7:14CV00268 (W.D. Va. May 28, 2014). Accordingly, Kinard may proceed without prepayment of the filing fee only if he can show imminent danger of

serious physical injury.  Kinard has not shown imminent danger of physical harm related to his present § 1983 and RLUIPA claims, as required under § 1915(g) for him to proceed without prepayment of the full filing costs for the case.  Therefore, I will dismiss the action without prejudice under § 1915(g).

A separate Final Order will be entered herewith.

DATED: April 22, 2019

/s/  James P. Jones
United States District Judge